UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 07-126-JJF |
| | : |
| JALAL ALIAHMED, | : |
| a/k/a Galal Aliahmed, | : |
| | : |
| Defendants. | : |

**DEFENDANT ALIAHMED'S MOTION TO SUPPRESS ALL EVIDENCE
OBTAINED AS A RESULT OF HIS UNLAWFUL SEIZURE**

Defendant, Jalal Aliahmed, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12 (b) and the Fourth and Fourteenth Amendments to the United States Constitution, to suppress as evidence against him all evidence that resulted from the seizure of his person in that the warrantless seizure lacked probable cause and/or exigent circumstances in violation of the Fourth Amendment.

In support of this motion Mr. Aliahmed submits the following:

**I.    FACTUAL SUMMARY[1].**

1. On August 27, 2007, at 9:30 p.m. an FBI Confidential Source contacted FBI Special Agent Scott Duffy and informed him that "suspicious" Federal Express package was shipped by Federal Express from Houston, Texas on August 27, 2007 and was due to arrive the next day in Newark, Delaware. The Federal Express Package had the tracing number of 8620-4773-9924. Law enforcement did not obtain a search warrant for the package, or a search or arrest warrant for the

---

[1] The following factual summary is based upon discovery provided to the Defense. Thus, the Defense does not necessarily agree with these facts nor submit that these facts will be established at an evidentiary hearing.

FILED

OCT 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

eventual recipient of the package.

2. On the morning of August 28, 2007, Special Agent Duffy and other law enforcement officers conducted surveillance of 526 Douglas Road, Newark, Delaware. At 9:00 a.m. a male, later determined to be Mr. Aliahmed, was observed on the front step of the property. At 9:30 a.m., three black males walk from the vicinity of 518 Douglas Road, into the residence at 526 Douglas Road. At 9:50 a.m. Special Agent Duffy observed a package delivered to the front step of the subject address. Five minutes later, Special Agent Duffy observed that the package was removed from the front step. At 10:10 a.m. Mr. Aliahmed is observed in front of the property, holding a cardboard box in his hand, talking to a woman in an automobile. Mr. Aliahmed returned to the property with the cardboard box in his hands.

3. At 11:00 a.m on August 28th, 2007, Special Agent Duffy observed a white male exit the subject residence carrying a brown cardboard box. The white male entered a Seacoast taxi cab that was stopped on the street near the residence. The taxi drove to 2700 Normandy Court, the Elms Apartments, Newark, Delaware, and the white male excited the vehicle at approximately 11:10 a.m. Mr. Aliahmed was this individual, and he was immediately seized by law enforcement officers while in possession of a cardboard box.

4. Mr. Aliahmed was not told that he was free to leave, and was in an environment surrounded by numerous law enforcement agents. Law enforcement officers claim that Mr. Aliahmed was informed of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and that we waived those rights and made incriminating statements.

5. Law enforcement continued to question Mr. Aliahmed at the Elms Apartments until 12:03 p.m. when Corporal Arlene Redmond of the New Castle County Police arrived at the scene

with "Canine-3" and conducted a canine search or canine sniff of the box. Said canine which yielded a positive result for contraband in relation to the subject cardboard box.

## II.     MOTION TO SUPPRESS EVIDENCE OBTAINED BY AN ILLEGAL SEIZURE.

6. Mr. Aliahmed asserts that he was in the functional equivalent of custody when he was questioned by law enforcement. See, Stansbury v. California, 511 U.S. 318, 322 (1994). This warrantless seizure was not reasonable under the circumstances and not based on probable cause. Furthermore, Mr. Aliahmed was held by law enforcement for over 50 minutes in order to allow a canine search to be conducted. Unlike Illinois v. Caballes, 543 U.S. 405 (2005), Mr. Aliahmed was detained without probable cause in order to allow a canine sniff, and at a time duration longer than the 10 minutes which occurred in Caballes. This seizure was not supported by probable cause. Furthermore, the Government has not established that Corporal Redmond was trained in how to conduct a canine sniff, nor has the Government established that Canine-3 was properly trained and skilled in order to allow law enforcement to reasonably rely on the "opinion" of the dog. Thus, Mr. Aliahmed asserts that all evidence obtained as a result of his illegal seizure, which would effectively be all evidence, must be suppressed as a fruit of the poisonous tree. Wong Sun v. United States, 371 U.S. 471 (1963); United States v. Mendenhall, 446 U.S. 544 (1980); Florida v. Royer, 460 U.S. 1 (1983); Florida v. Bostick 501 U.S. 429 (1991).

**WHEREFORE**, Mr. Aliahmed requests this Court to hold an evidentiary hearing so as to allow relevant facts to be developed concerning the issues raised in this motion. Thereafter, Mr. Aliahmed requests this Court to issue an order suppressing all evidence that was obtained as a result of his illegal seizure.

        Respectfully submitted,

        /s/ Christopher S. Koyste
        Christopher S. Koyste, Esquire
        800 North King Street, Suite 302
        Wilmington, Delaware 19801
        (302) 419-6529
        Email: ckoyste@koyste.com
        Attorney for Jalal Aliahmed

DATED: October 17, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-126-JJF |
| | : | |
| JALAL ALIAHMED, | : | |
| a/k/a Galal Aliahmed, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

Undersigned Counsel certifies that the attached filing of Mr. Aliahmed is available for public viewing and downloading and was electronically delivered on October 17, 2007 to:

Douglas McCann, Esquire
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
800 North King Street, Suite 302
Wilmington, Delaware 19801
(302) 419-6529
Email: ckoyste@koyste.com
Attorney for Jalal Aliahmed