UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-126-JJF |
| JALAL ALIAHMED, a/k/a Galal Aliahmed, | : |
| Defendants. | : |

### DEFENDANT ALIAHMED'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE DERIVED FROM SUCH STATEMENTS

Defendant, Jalal Aliahmed, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to suppress any and all evidence obtained as a result of the statements made by Defendant.

In support of this motion Mr. Aliahmed submits the following:

**I.   FACTUAL SUMMARY.**

1. Mr. Aliahmed incorporates the factual summary in his Motion to Supress all Evidence Obtained as a Result of His Unlawful Seizure.

2. Mr. Aliahmed made statements to law enforcement after he was in the functional equivelent of custody. See Stansbury v. California, 511 U.S. 318, 322 (1994). These statements could be used by the Government during its case in chief at trial, and thus are incriminating.

**II.   MOTION TO SUPPRESS STATEMENTS AND ANY EVIDENCE DERIVED FROM THOSE STATEMENTS.**

3. The Defense challenges the admissibility of any statements Mr. Aliahmed may have



FILED
OCT 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

made, asserting that the statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth and Sixth Amendments to the United States in that they were not the result of a knowing, intelligent and voluntary waiver of his right to remain silent and his right to counsel. See Edwards v. Arizona, 451 U.S. 477, 485 (1981); Michigan v. Mosley, 423 U.S. 96, 100-101 (1975); Miranda, 384 U.S., at 473-474. The United States bears the burden of proof to establish by a preponderance of the evidence whether Ms. Aliahmed made a knowing, voluntary and intelligent waiver of his Miranda rights. A trial court must make this determination considering the "totality of the circumstances." Oregon v. Bradshaw, 462 U.S. 1038, 1046 (1983)(quoting Edwards v. Arizona, 451 U.S. 476, 486 n. 9 (1981)). Mr. Aliahmed objects to any evidence that was later obtained as a result of his statements based on the fruit of the poisonous tree doctrine. Wong Sun v. United States, 371 U.S. at 487-488.

**WHEREFORE**, Mr. Aliahmed requests this Court to hold an evidentiary hearing so as to allow relevant facts to be developed concerning the issues raised in this motion. Thereafter, Mr. Aliahmed requests this Court to issue an order suppressing all evidence that was obtained as a result of his statements.

Respectfully submitted,

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
800 North King Street, Suite 302
Wilmington, Delaware 19801
(302) 419-6529
Email: ckoyste@koyste.com
Attorney for Jalal Aliahmed

DATED: October 17, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-126-JJF |
| JALAL ALIAHMED,<br>a/k/a Galal Aliahmed, | : |
| Defendants. | : |

CERTIFICATE OF SERVICE

Undersigned Counsel certifies that the attached filing of Mr. Aliahmed is available for public viewing and downloading and was electronically delivered on October 17, 2007 to:

Douglas McCann, Esquire
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
800 North King Street, Suite 302
Wilmington, Delaware 19801
(302) 419-6529
Email: ckoyste@koyste.com
Attorney for Jalal Aliahmed

DATED: October 17, 2007