UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-126-JJF |
| JALAL ALIAHMED, a/k/a Galal Aliahmed, | : | |
| Defendants. | : | |

**DEFENDANT ALIAHMED'S MOTION
TO DISCLOSE THE IDENTITY AND RELEVANT INFORMATION
CONCERNING THE GOVERNMENT'S CONFIDENTIAL SOURCE**

Defendant, Jalal Aliahmed, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12 (b) for the Government to disclose the identity and relevant information concerning its Confidential Source.

In support of this motion Mr. Aliahmed submits the following:

**I.    FACTUAL SUMMARY[1].**

1. Mr. Aliahmed incorporates the factual summary in his Motion to Suppress all Evidence Obtained as a Result of His Unlawful Seizure.

2. The seizure of Mr. Aliahmed was predicated upon information given to Special Agent Scott Duffy of the FBI by a Confidential Source[2].

---

[1] The following factual summary is based upon discovery provided to the Defense. Thus, the Defense does not necessarily agree with these facts nor submit that these facts will be established at an evidentiary hearing.

[2] A police affidavit outlined that the Confidential Source has previously provided information that was corroborated 10 times by law enforcement. However, the affidavit does not describe whether the informant in the past has given information that was not reliable, whether the information concerned criminal activity, or whether the information was the basis of an arrest

FILED

OCT 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## II.    MOTION TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL SOURCE.

3. Mr. Aliahmed moves for the identity of the Confidential Source in this action to be disclosed since the Government's privilege to not disclose their identity must give way where the disclosure of the identity or contents of a communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. Roviaro v. United States, 353 U.S. 53, 60, 61, 65 (1957). A Confidential Source's identity must be disclosed if their involvement was more than the mere providing of information relevant to probable cause, such as being involved in the events forming the basis of the offenses charged. See McCray v. Illinois, 386 U.S. 300 (1967).

## III.   MOTION TO DISCLOSE RELEVANT INFORMATION CONCERNING THE CONFIDENTIAL SOURCE.

4. On October 17, 2007, Mr. Aliahmed filed a motion to suppress evidence obtained as a result of his seizure, which the Defense claims was unlawful in that law enforcement lacked probable cause to support his arrest. At an evidentiary/suppression hearing in relation to said motion, this Court will have to analyze the information that law enforcement possessed to make a determination as to whether the evidence was sufficient to support a finding of probable cause. In order to do so, this Court must be informed of relevant information in relation to the Confidential Source. The Defense asserts that it too needs relevant information about the Confidential Source so as to prepare for the suppression hearing, to properly present evidence beneficial to the Defense, and to cross-examine Government witnesses or "hostile" law enforcement officers who may be called by the Defense.

---

of the issuance of a search warrant.

5. In order to adequately prepare a defense and assess the statements and role of the Confidential Source, Mr. Aliahmed should also receive: the Confidential Source's prior testimony while acting as an informant Giordano v. United States, 394 U. S. 310 (1969); Johnson v. Brewer, 521 F.2d 556 (8th Cir. 1975); promises (including financial rewards) he has received for consideration Giglio v. United States, 405 U. S. 150 (1972); information regarding his drug or chronic alcohol history United States v. Fowler, 465 F.2d 664 (D. C. Cir. 1972); any psychiatric history United States v. Lindstrom, 698 F. 2d 1154 (11th Cir. 1983) and criminal history Williams v. Griswold, 743 F.2d 1533 (11th Cir. 1984); United States v. Auten, 632 F. 2d 478 (1980). Lastly, Mr. Aliahmed requests any other information about the Confidential Source which the District Court for the District of Delaware previously ordered to be produced in United States v. Beckett, 889 F.Supp 152 (D.C. Delaware 1995)

**WHEREFORE**, Mr. Aliahmed requests this Court to issue an order requiring the Government to reveal the identity of the Confidential Source and to supply the Defense will all requested information about this individual.

    Respectfully submitted,

    /s/ Christopher S. Koyste
    Christopher S. Koyste, Esquire
    800 North King Street, Suite 302
    Wilmington, Delaware 19801
    (302) 419-6529
    Email: ckoyste@koyste.com
    Attorney for Jalal Aliahmed

DATED: October 17, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-126-JJF |
| JALAL ALIAHMED,<br>a/k/a Galal Aliahmed, | : |
| Defendants. | : |

<u>CERTIFICATE OF SERVICE</u>

Undersigned Counsel certifies that the attached filing of Mr. Aliahmed is available for public viewing and downloading and was electronically delivered on October 17, 2007 to:

Douglas McCann, Esquire
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

<u>/s/ Christopher S. Koyste</u>
Christopher S. Koyste, Esquire
800 North King Street, Suite 302
Wilmington, Delaware 19801
(302) 419-6529
Email: ckoyste@koyste.com
Attorney for Jalal Aliahmed

DATED: October 17, 2007