*Filed in Open Court this 6th day of December, 2007* dk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-126 JJF |
| JALAL ALIAHMED, a/k/a Galal Aliahmed, | : | |
| Defendant. | : | |

**FILED**
DEC 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Jalal Aliahmed, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count II of the Indictment. Count II charges him with knowingly escaping from the custody of an officer of the United States, wherein he was held by virtue of his lawful arrest for a felony offense. The maximum penalties for Count II of the Indictment are five years imprisonment, a $250,000 fine, up to three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is for Count II: (1) on or about August 28, 2007, the defendant was in the custody of a Special Agent of the Federal Bureau of Investigation; (2) the custody was by virtue of an arrest for a

felony violation of Title 21, United States Code, Section 841; (3) the defendant left custody without authorization; and (4) in so doing, the defendant knew that he was leaving custody without authorization.

3. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

4. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a two-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5.  The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.  The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

///

8. The United States agrees to move to dismiss Count I of the Indictment around the time of sentencing.

COLM F. CONNOLLY
United States Attorney

_____  By: _____
Christopher Koyste, Esquire         Douglas E. McCann
Attorney for Defendant              Assistant United States Attorney

_____
Jalal Aliahmed
Defendant

Dated: 12-6-2007

**AND NOW**, this __6__ day of __December__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE