UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-126-JJF |
| | : | |
| JALAL ALIAHMED, | : | |
| a/k/a Galal Aliahmed, | : | |
| | : | |
| Defendants. | : | |

**<u>DEFENDANT ALIAHMED'S SENTENCING MEMORANDUM</u>**

Defendant, Jalal Aliahmed, by and through his counsel, Christopher S. Koyste, hereby submits the following Sentencing Memorandum in support of his request of Your Honor to issue a downward variance from the sentencing Guidelines.

In support of this request Mr. Aliahmed submits the following;

1. Mr. Aliahmed, who is pending sentencing by Your Honor on March 11, 2008, faces a Guideline range of 10 to 16 months which is within zone B of sentencing table. This Court has the authority to issue a sentence that varies from the sentencing Guidelines as is provided by the United States Supreme Court in <u>Gall v. United States,</u> 552 U.S. ____ (2007). The Defense asserts that there are numerous facts that support a sentence of 3 months of incarceration (which would be time served) combined with a term of supervised release.

2. Mr. Aliahmed fully recognizes that he did a very rash action by running away from federal law enforcement when he was in a situation of intense fear. He was scared because he was in an environment that he was not familiar with and obviously in some serious trouble. Rather than deal with the situation, he took advantage of the light security that he was under and absconded from the DEA's custody. This type of escape is very different from a situation where someone is in a more institutionalized setting such as at a courthouse or at a jail or halfway house center.

3. The section of the Federal Sentencing Guidelines that provides guidance on these issues is 2P1.1. Mr. Aliahmed starts at the higher base offense level under this section due to the fact that he was in custody because of an arrest on a felony charge. He has no other adjustments to the Guidelines even though he turned himself in approximately nine days after he escaped from the custody of the DEA. The Guidelines do however delineate some type of reductions for individuals who do turn themselves in. Section 2P1.1B2 allows for reductions if the individual escaped from a non-secure custody setting, if the individual returned within 96 hours. In Mr. Aliahmed's case, he did voluntarily turn himself in to custody avoiding the use of further resources to have him taken back into custody. However, this is not taken into consideration within the applicable Guideline section, even though it is a mitigating fact. Thus, such a factual scenario provides a basis for Your Honor to vary

from the guidelines to what could be more of a reasonable sentence.

4.  Pursuant to 18 U.S.C. Section 3553(a), a sentencing court is required to impose a sentence that is sufficient, but not greater than necessary, to meet the four purposes of sentencing: retribution, deterrence, incapacitation and rehabilitation. The Defense asserts that a sentence of time served combined with a term of supervised release meets the objectives of Section 3553(a).  Mr. Aliahmed has already been incarcerated 3 months at Salem County Prison in relation to this offense.  Thus, a reasonable period of punishment has been imposed upon him.  Furthermore, he is currently under home detention with curfew limitations, which is a liberty restriction of the same type as is home detention.  Mr. Aliahmed has done well under supervision and has demonstrated that he is amendable to supervision.  Thus, there has been an additional period of liberty restriction imposed on Mr. Aliahmed which serves the purposes of 3553(a).

5.  Presently, Mr. Aliahmed is back in to a more productive mode in his life. He is attending school in the evenings in order to obtain his high school diploma. He expects to receive this diploma by June.  Thus, any term of incarceration would negatively affect the educational progress that he has made. Mr. Aliahmed comes from a very strong family unit in which the father is the patriarch of the family. Mr. Aliahmed is very ashamed of his actions and knows how this has greatly disappointed

not only his father but his entire family. The shame of this action is certainly a motivating force along with Mr. Aliahmed's understanding that now is the time for him to grow up and stop acting in childish ways. When one even looks at the reason why Mr. Aliahmed was arrested, one can see some of the immature actions within his conduct. Mr. Aliahmed recognizes and regrets those actions and has pledged to not make such mistakes again in the future. The Defense asserts that further incarceration is not needed to further the goals of 3553(a) and that a variance from the Guidelines to a sentence of time served combined with a term of supervised release is a reasonable sentence under the circumstances.

**WHEREFORE**, Mr. Aliahmed requests this Court to issue a downward variance from the Guidelines.

Respectfully submitted,

 /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
709 Brandywine Boulevard
Bellefonte, Delaware 19809
(302) 762-5195
Email: ckoyste@koyste.com
Attorney for Jalal Aliahmed

DATED: February 26, 2008

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-126-JJF |
| | : | |
| JALAL ALIAHMED, | : | |
| a/k/a Galal Aliahmed, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

Undersigned Counsel certifies that the attached filing of Mr. Aliahmed is available for public viewing and downloading and was electronically delivered on February 26, 2008 to:

>Douglas McCann, Esquire
>Assistant United States Attorney
>United States Attorney's Office
>1007 Orange Street, Suite 700
>Wilmington, Delaware 19801

Furthermore, a copy of this filing was faxed to Thomas P. Carey at 573-6658.

>/s/   Christopher S. Koyste
>Christopher S. Koyste, Esquire
>709 Brandywine Boulevard
>Bellefonte, Delaware  19809
>(302) 762-5195
>Email: ckoyste@koyste.com
>Attorney for Jalal Aliahmed